UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


EARNEST LEE ANDERSON,

Civil No. 08-1102 (DSD/JJG)

        Petitioner,

v.

STATE OF MINNESOTA,            **REPORT AND RECOMMENDATION**

        Respondent.


This matter is before the undersigned United States Magistrate Judge on Petitioner's amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Docket No. 4.)[1] The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[2]

## I. BACKGROUND

In 2006, a Minnesota state court jury found Petitioner guilty of second degree criminal sexual conduct. He was sentenced to 39 months in prison, and he is presently

---

[1]  Petitioner's original habeas petition, (Docket No. 1), was found to be defective, and he was directed to replead. (Order dated April 23, 2008; [Docket No. 2].) Petitioner then filed the amended petition that is now before the Court.

[2]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

serving his sentence at the Minnesota Correctional Facility in Lino Lakes, Minnesota. (Amended Petition, p. 1.)

After Petitioner was convicted and sentenced, he filed a direct appeal with the Minnesota Court of Appeals, contending that there was insufficient evidence to support his conviction.  (Id., p. 2, ¶ 9.)  The Court of Appeals rejected Petitioner's insufficiency of the evidence claim, and affirmed his conviction and sentence.  State v. Anderson, No. A06-1807 (Minn. App. 2008), 2008 WL 170659, (unpublished opinion).  The Minnesota Supreme Court denied Petitioner's request for further review on March 26, 2008.  Id.

Petitioner's current federal habeas corpus petition presents the following four grounds for relief:

(1) the victim "stated numerous times" that Petitioner "was not the man who attacked her;"

(2) Petitioner's "conviction [was] obtained by [an] illegal lineup procedure;"

(3) Petitioner's "conviction [was] obtained by use of a[n] unlawful jury," in that "all of the jurors selected were white;" and

(4) Petitioner's "conviction [was] obtained by ineffective court procedure," because the trial court judge failed to dismiss the case. (Amended Petition, pp. 4-5, ¶ 12.)

The Court finds that none of Petitioner's current habeas corpus claims can be addressed on the merits at this time, because he has not exhausted his available state court remedies for all of his claims.

## II.  DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners.  O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court.  O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").

Furthermore, a habeas petitioner must exhaust his state court remedies with respect to all of the claims that he seeks to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion.  Rose, 455 U.S. at 510, 522.

In this case, it is readily apparent that some of Petitioner's federal habeas corpus claims have never been fairly presented to, and decided by, the Minnesota state courts. According to the amended petition, the only claim that Petitioner raised in his direct appeal was an insufficiency of the evidence claim, and that claim was the only one

discussed by the Minnesota Court of Appeals.  See Anderson, 2008 WL 170659 at

*1-2.  Giving the amended petition the benefit of a liberal construction, the Court will

assume that the claim listed as "Ground One" in the current petition, (i.e., the victim

"stated numerous times" that Petitioner "was not the man who attacked her"), is

intended to be the same insufficiency of the evidence claim that Petitioner raised on

direct appeal.  However, the other three grounds listed in the current petition were not

fairly presented to, and decided on the merits by, the Minnesota state courts.

Therefore, those three claims are unexhausted for federal habeas corpus purposes.

Because Petitioner has not fairly presented all of his current claims for relief to

the Minnesota state courts, he has not satisfied the exhaustion of state court remedies

requirement.  Furthermore, there is a state court remedy that might still be available for

Petitioner's unexhausted claims -- namely a motion for post-conviction relief brought

under Minn.Stat. § 590.01.  It is possible that Petitioner might be procedurally barred

under state law from raising some of his unexhausted claims in a state post-conviction

motion, if the state courts determine that those claims could have been previously

raised on direct appeal.  See McCall, 114 F.3d at 757 ("Minnesota law provides that

once the petitioner has directly appealed his sentence 'all matters raised therein, and all

claims known but not raised, will not be considered upon a subsequent petition for

postconviction relief'"), citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby

v. State, 531 N.W.2d 482, 484 (Minn. 1995).  However, it is preferable to have the

Minnesota state courts, rather than the federal district court, decide whether or not

Petitioner's unexhausted claims can still be heard and decided on the merits in state

court.[3]

Because Petitioner has filed a petition that includes at least some unexhausted claims, the Court must recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.  It will be recommended that the action be dismissed <u>without prejudice</u>, however, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claims.[4]  Petitioner may return to federal court, (if necessary), after the state courts, including the Minnesota Supreme Court, have reviewed and decided <u>all</u> of the claims that he seeks to present in federal court. <u>See</u> <u>Ashker v. Leapley</u>, 5 F.3d 1178, 1180 (8th Cir. 1993).

---

[3]  If any of Petitioner's presently unexhausted claims are rejected because of a state procedural rule, those claims will be procedurally defaulted, and they will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or clear proof of actual innocence.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).  <u>See</u> <u>also</u> <u>Jones v. Jerrison</u>, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting <u>Coleman</u>, 501 U.S. at 732.

[4]  If Petitioner pursues this option, he should be mindful of several matters that could affect his future eligibility for federal habeas corpus relief.  First, he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review in the state courts, including a petition for further review in the State Supreme Court.  <u>O'Sullivan</u>, 526 U.S. at 845.  Second, federal habeas corpus review is available only for claims that were previously raised in the state courts <u>as federal constitutional claims</u>.  <u>Duncan</u>, 513 U.S. at 365-66.  Third, if Petitioner does return to the state courts to exhaust his state court remedies, and if he should thereafter attempt to file another federal habeas petition, he should be mindful of the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d).  It appears that the statute of limitations has not yet expired in this case, and the statute will be tolled (pursuant to 28 U.S.C. § 2244(d)(2)) while any post-conviction proceedings are pending in the state courts.  However, Petitioner could face a statute of limitations problem in the future, if he does not diligently pursue state post-conviction relief.

Finally, the Court recognizes that a state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims, and proceed with an amended petition that includes only his fully exhausted claims.  Jackson v. Domire, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996), cert. denied, 519 U.S. 1153 (1997); Doty v. Lund, 78 F.Supp.2d 898, 904 (N.D.Iowa 1999).  If Petitioner intends to exercise that option here, he should file an amended petition that includes only fully exhausted claims, and he should do so before the deadline for filing objections to this Report and Recommendation.  If Petitioner does not file such an amended petition before that deadline, it is the Court's recommendation that Petitioner be deemed to have waived the option to amend, and that the action then be summarily dismissed without prejudice.  Petitioner should note that if he does file an amended petition that includes only his fully exhausted claims, he presumably will be barred from raising any other claims in any future (successive) federal habeas petition. See 28 U.S.C. § 2244(b)(2).

## III.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

This action be summarily **DISMISSED WITHOUT PREJUDICE**, unless, before

the deadline for filing objections to this Report and Recommendation, Petitioner files an

amended habeas corpus petition listing only fully exhausted claims.


Dated:  October 31, 2008            _s/ *Jeanne J. Graham*_____
                                    JEANNE J. GRAHAM
                                    United States Magistrate Judge


### NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and
Recommendation by filing and serving specific, written objections by **November 14,
2008**.  A party may respond to the objections within ten days after service thereof.  Any
objections or responses filed under this rule shall not exceed 3,500 words.  A District
Judge shall make a de novo determination of those portions to which objection is made.
 Failure to comply with this procedure shall operate as a forfeiture of the objecting
party's right to seek review in the United States Court of Appeals for the Eighth Circuit.